IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

CHARLES MERCER and
ANNA MERCER,

    Plaintiffs,

v.

RODNEY L. ALLEN and ALLEN, FOREHAND & ADAMS, LLP,

    Defendants.

Civil Action No. 7:13-CV-148 (HL)

# ORDER

This case is before the Court on Plaintiffs' Motion to Remand (Doc. 8). For the reasons discussed herein, the motion is denied as moot, and this case is referred to the bankruptcy court.

## I.   BACKGROUND

Plaintiffs sought legal advice from Defendants to stop a foreclosure on their home. (Compl. ¶ 13; Doc. 1-1).[1] Defendant Allen advised Plaintiffs to file a Chapter 13 bankruptcy petition. (Compl. ¶ 15). Plaintiffs accepted Defendant Allen's advice, and on or about October 1, 2009, Defendant Allen filed a Chapter 13 petition on behalf of Plaintiffs in the United States Bankruptcy Court for the Middle District of Georgia. (Compl. ¶ 17). The petition was defective, and the foreclosing bank was eventually granted relief from stay, thus defeating the primary purpose of the bankruptcy petition. (Compl. ¶¶ 18-22). Defendant Allen

---

[1] The background facts are taken from Plaintiffs' complaint.

then told Plaintiffs he could "fix this" by converting the petition to a Chapter 7 petition. (Compl. ¶ 24). Plaintiffs specifically instructed Defendant Allen not to convert the petition because they did not want to lose a piece of rental property to a liquidation under Chapter 7. (Compl. ¶ 25). Nevertheless, on April 26, 2010, Defendant Allen filed a voluntary conversion of Plaintiffs' bankruptcy petition from Chapter 13 to Chapter 7. (Compl. ¶ 26). Plaintiffs terminated their relationship with Defendants and retained new counsel. (Compl. ¶ 28). New counsel moved to dismiss the Chapter 7 petition, but the motion was denied by the bankruptcy court. (Compl. ¶ 29). As a result, Plaintiffs' rental property and home were sold at auction to pay their debts. (Compl. ¶ 30).

On October 21, 2013, Plaintiffs filed a lawsuit in the Superior Court of Colquitt County against Defendants, alleging legal malpractice, breach of fiduciary duty, breach of contract, and other unspecified acts and omissions which directly caused significant financial harm to Plaintiffs. (Compl. ¶ 1). On October 29, 2013, Defendants removed the action to this Court, arguing that pursuant to 28 U.S.C. § 1334, this Court has subject matter jurisdiction over the case. In response, Plaintiffs filed the pending motion to remand, arguing that the Court does not have subject matter jurisdiction.

## II.    ANALYSIS

Under 28 U.S.C. § 1452, a party may remove a claim to the district court for the district where the claim is pending if the district court has jurisdiction under 28 U.S.C. § 1334. *See* 28 U.S.C. § 1452. Section 1334(b) provides that "the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Plaintiffs argue that under Gunn v. Minton, --- U.S. ---, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013), this Court does not have subject matter jurisdiction over their state law legal malpractice claim.

Gunn involved a legal malpractice suit related to the handling of a patent case. The question before the Supreme Court was whether a state law claim alleging legal malpractice in the handling of a patent case must be brought in federal court, as federal courts have exclusive jurisdiction over cases "arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a).

The Court noted that for statutory purposes, a case can "aris[e] under" federal law in two ways. The first is when federal law creates the cause of action asserted. Id. at 1064 (citation omitted). The second is when state law provides the cause of action but "the federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id. at 1065 (citing

Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005)).

After applying the Grable analysis, the Court held that "state legal malpractice claims based on underlying patent matters will rarely, if ever, arise under federal patent law for purposes of § 1338(a)." Gunn, 133 S.Ct. at 1065. The Court found that while resolution of a federal patent question was necessary to the plaintiff's case, id. at 1065, and that the federal issue was also actually disputed, id., the case could not meet the other Grable factors, as the federal issue in the case was not substantial in the relevant sense, id. at 1066, and there was a concern about the appropriate balance of federal and state judicial responsibilities, id. at 1068. Importantly, the Court found that the federal issue was "not substantial in the relevant sense" because the question concerning patent law was hypothetical, and "[n]o matter how the state courts resolve that hypothetical 'case within a case,' it will not change the real-world result of the prior federal patent litigation." Id. at 1067.

Plaintiffs argue that the reasoning in Gunn applies here, and thus this case should be remanded to the Colquitt County Superior Court because this Court does not have subject matter jurisdiction. Plaintiffs contend that their malpractice case does not "arise under" federal bankruptcy law for the same reasons that the Gunn plaintiff's malpractice claim did not "arise under" federal patent law.

Even if the Court were to find there is no "arising under" jurisdiction because the malpractice claim does not "arise under" bankruptcy law, the matter is not resolved. The bankruptcy jurisdictional statute is not limited to cases arising under title 11. It also confers original but not exclusive jurisdiction to the district court of all civil proceedings arising in or related to a case under title 11. 28 U.S.C. § 1334(b). Defendants argue that Plaintiffs' claims also arise in and relate to Plaintiffs' bankruptcy case such that this Court has jurisdiction to hear the case. As the Court finds that it has "arising in" jurisdiction, it will not address whether "related to" jurisdiction exists.

A proceeding "arises in" a case under title 11 when it involves administrative-type matters that could only arise in the bankruptcy context. Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo), 170 F.3d 1340, 1345 (11th Cir. 1999). In other words, a claim "arises in" title 11 if it is one "that is not based on any right expressly created by title 11, but nevertheless could have no existence outside of bankruptcy." Grausz v. Englander, 321 F.3d 467, 471 (4th Cir. 2003).

Numerous courts have held that a claim against an attorney for malpractice in a bankruptcy case meets the "arising in" standard. In Grausz, the Fourth Circuit held that a debtor's legal malpractice claim against the law firm that represented the debtor in bankruptcy proceedings was a claim "arising in" title 11 for purposes of bankruptcy jurisdiction, since the proceeding would have

no practical existence but for the bankruptcy. 321 F.3d at 470 (stating that the standard for "arising in" jurisdiction "surely means that jurisdiction exists over a malpractice claim against a lawyer for providing negligent advice to a debtor in a bankruptcy case.") In Baker v. Simpson, 613 F.3d 346 (2d Cir. 2010), the Second Circuit held that a debtor's legal malpractice claims were claims "arising in" title 11, as the claims would have no existence outside of the bankruptcy. The Third Circuit reached a similar finding in In re Seven Fields Development Corp., 505 F.3d 237 (3d Cir. 2007); *see also* Capitol Hill Group v. Pillsbury, Winthrop, Shaw, Pittman, LLC, 569 F.3d 485, 489 (D.C. Cir. 2009); In re V&M Mgmt., Inc., 321 F.3d 6, 7-8 (1st Cir. 2003); Lothian Cassidy LLC v. Ransom, 428 B.R. 555, 560 (E.D.N.Y. 2010); Galloway v. Bond, Botes & Stover, P.C., 597 F.Supp.2d 676, 682 (S.D. Miss. 2008); Dutt, LLC v. Huggins, No. 3:12-2036-CMC-PJG, 2012 WL 5384942, at *1 (D.S.C. Sept. 14, 2012); Meyer v. Young Conaway Stargatt & Taylor LLP, No. 1:CV10-540-BLW, 2011 WL 1317282, at *1 (D.Idaho Mar. 31, 2011).

The Court similarly finds that this malpractice action is a civil proceeding arising in a case under title 11, and is thus subject to this Court's jurisdiction under 28 U.S.C. § 1334(b). Because it has jurisdiction, the Court has authority to consider and dispose of Plaintiffs' motion, which includes a request for abstention under 28 U.S.C. § 1334(c)(1). However, because this is a proceeding that arises

in a case under title 11, the Court will instead refer the case to the bankruptcy court. 28 U.S.C. § 157(a) ("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judge for the district."); Middle District of Georgia Standing Order of Reference Re: Title 11 ("Pursuant to 28 U.S.C. Section 157(a) any and all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district.")

Therefore, the Court will refer all of the claims in this case to the United States Bankruptcy Court for the Middle District of Georgia to handle as related to its proceedings in Case No. 09-71621-JTL.

### III.   CONCLUSION

Plaintiffs' Motion to Remand (Doc. 8) is denied as moot. Defendants' Motion to Dismiss (Doc. 3) is denied as moot. These proceedings are referred to the bankruptcy action, In re Mercer, 09-71621-JTL (Bankr. M.D. Ga.), for further consideration as appropriate.

**SO ORDERED**, this the 15th day of January, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh